UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. **5:25-cr-14-KDB** |
| ) | |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| CLINTON OGEDEGBE ) | 18 U.S.C. § 1956(h) |
| ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| ) | |

**THE GRAND JURY CHARGES:**

At the specified time and at all relevant times:

### Introduction

1. From no later than July 10, 2023, through at least February 20, 2024, the defendant, CLINTON OGEDEGBE, conspired with others known and unknown to carry out a scheme to launder the proceeds of romance fraud schemes typically targeting elderly and other vulnerable victims. Upon receipt of the proceeds into the bank accounts under his control, OGEDEGBE and his co-conspirators conducted further financial transactions to unlawfully and unjustly enrich the co-conspirators.

### Relevant Individuals and Entities

2. OGEDEGBE was a resident of Jonesboro, Georgia.

3. OGEDEGBE and other known and unknown coconspirators controlled accounts at various domestic financial institutions, including Bank of America, JPMorgan Chase Bank, and Wells Fargo Bank (collectively, the "Financial Institutions") in his own name. The accounts and deposits of the Financial Institutions were insured by the Federal Deposit Insurance Corporation.

### The Money Laundering Conspiracy

4. From no later than July 10, 2023, through at least February 20, 2024, OGEDEGBE and his coconspirators engaged in a conspiracy to launder the proceeds from various illegal activities, and specifically, to engage in financial transactions involving the proceeds of various wire and mail fraud schemes to, among other things, conceal and disguise the nature, location, source, ownership, and control of those proceeds.

5. As part of the conspiracy, co-conspirators known and unknown to the Grand Jury used online aliases to contact victims on various dating and social media sites and convinced those victims, under false pretenses, to transfer funds and mail checks to OGEGEBGE that were deposited into OGEDEGBE's bank accounts.

1

6. In total, OGEDEGBE and his co-conspirators caused victims and other third parties to transfer or attempt to transfer at least $454,850 into bank accounts under his and his co-conspirators' control.

7. Also as part of the conspiracy, after OGEDEGBE received the fraud proceeds, the funds were rapidly depleted through withdrawals and transfers to other accounts, including overseas accounts. Several of these monetary transactions were in amounts over $10,000.

8. Also as part of the conspiracy, OGEDEGBE and his co-conspirators made and caused to be made false statements to certain of the Financial Institutions about the purpose of various financial transactions in order to, among other things, avoid scrutiny by the victims and Financial Institutions.

9. Also as part of the conspiracy, after a financial institution closed one of the bank accounts controlled by OGEDEGBE because of fraud complaints or other suspicious activity, OGEDEGBE opened, and caused to be opened, new bank accounts at another financial institution.

10. Also as part of the conspiracy, OGEDEGBE earned compensation in various forms, including keeping a portion of the money initially deposited by third parties and then transferring the remainder.

## COUNT ONE
18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

11. Paragraphs 1 through 10 of this Bill of Indictment are realleged and incorporated by reference.

12. From no later than July 10, 2023, through at least February 20, 2024, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

**CLINTON OGEDEGBE**

did knowingly combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957.

### Objects of the Conspiracy

13. The objects of the conspiracy were for defendant and others known and unknown to the Grand Jury:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that while

conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

  b. to knowingly engage and attempt to engage in one or more monetary transactions by, through and to one or more financial institutions, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is wire fraud and mail fraud, and that while conducting and attempting to conduct such monetary transactions knowing that the property involved in the monetary transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1957(a).

14. OGEDEGBE and his coconspirators carried out the conspiracy in the manner and means set forth in paragraphs 4 through 10 above, among other ways.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
18 U.S.C. § 1956(a)(1)(B)(i)
(Concealment Money Laundering)

15. Paragraphs 1 through 10 of this Bill of Indictment are realleged and incorporated by reference.

16. On or September 7, 2023, in Catawba County, within the Western District of North Carolina, and elsewhere, the defendant,

**CLINTON OGEDEGBE**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, to wit, the deposit of a $52,000 cashier's check from Victim 1, a resident of Hickory North Carolina, into OGEDEGBE's bank account ending in -1875 at Wells Fargo Bank, and subsequent withdrawals.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c). Under § 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The following property so subject to forfeiture in accordance with sections 982 and/or 2461(c):

a. All property constituting the proceeds of the violations set forth in this Bill of Indictment;

b. All property involved in the violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) and (b) cannot be located upon the exercise of due diligence, has been transferred or sold do, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment for all currency and monetary instruments that were involved in the crimes alleged in this Bill of Indictment, including but not limited to the sum of approximately $324,850.

A TRUE BILL

GRAND JURY FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

GRAHAM R. BILLINGS
ASSISTANT UNITED STATES ATTORNEY