UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:25-cr-14 |
| | ) | |
| v. | ) | **FACTUAL BASIS** |
| | ) | |
| CLINTON OGEDEGBE | ) | |
| | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dallas Kaplan, Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1.  From no later than July 10, 2023, through at least February 20, 2024, the defendant, CLINTON OGEDEGBE, conspired with others known and unknown to carry out a scheme to commit money laundering offenses in violation of Title 18, United States Code, Section 1957, in which he laundered the proceeds of romance fraud schemes typically targeting elderly and other vulnerable victims. Upon receipt of the proceeds into the bank accounts under his control, OGEDEGBE and his co-conspirators conducted further financial transactions to unlawfully and unjustly enrich the co-conspirators.

2.  The object of the conspiracy was for OGEDEGBE and others known and unknown to the Grand Jury to knowingly engage and attempt to engage in one or more monetary transactions by, through and to one or more financial institutions, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is wire fraud and mail fraud, and that while conducting and

attempting to conduct such monetary transactions knowing that the property involved in the monetary transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1957(a).

3.  OGEDEGBE was a resident of Jonesboro, Georgia.

4.  OGEDEGBE and other known and unknown coconspirators controlled accounts at various domestic financial institutions, including Bank of America, JPMorgan Chase Bank, and Wells Fargo Bank (collectively, the "Financial Institutions") in his own name.  The accounts and deposits of the Financial Institutions were insured by the Federal Deposit Insurance Corporation.

5.  As part of the conspiracy, co-conspirators known and unknown to the Grand Jury used online aliases to contact victims on various dating and social media sites and convinced those victims, under false pretenses, to transfer funds and mail checks to OGEGEBGE that were deposited into OGEDEGBE's bank accounts.

6.  In total, OGEDEGBE and his co-conspirators caused victims and other third parties to transfer or attempt to transfer at least $454,850 into bank accounts under his and his co-conspirators' control.

7.  Also as part of the conspiracy, after OGEDEGBE received the fraud proceeds, the funds were rapidly depleted through withdrawals and transfers to other accounts, including overseas accounts. Several of these monetary transactions were in amounts over $10,000.

8.  Also as part of the conspiracy, OGEDEGBE and his co-conspirators made and caused to be made false statements to certain of the Financial Institutions about the purpose of various financial transactions in order to, among other things, avoid scrutiny by the victims and Financial Institutions.

9.  Also as part of the conspiracy, after a financial institution closed one of the bank accounts controlled by OGEDEGBE because of fraud complaints or other suspicious activity, OGEDEGBE opened, and caused to be opened, new bank accounts at another financial institution.

10.  Also as part of the conspiracy, OGEDEGBE earned compensation in various forms, including keeping a portion of the money initially deposited by third parties and then transferring the remainder.

11.  From no later than July 10, 2023, through at least February 20, 2024, OGEDEGBE received approximately $324,850 in fraud proceeds into bank accounts under his control.

12.  OGEDEGBE knowingly and willfully joined the conspiracy with an intent to further its criminal objects and purposes.

2

DALLAS KAPLAN
Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515

GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY

3

<u>Defendant's Counsel's Signature and Acknowledgment</u>

I have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____   DATED: 4/2/26
James E. Quander, Attorney for Defendant

4